**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Walter Nathaniel COMEDY,**
**Defendant–Appellant.**

No. 03–3960.

United States Court of Appeals,
Sixth Circuit.

Aug. 18, 2004.

Thomas E. Getz, Asst. U.S. Attorney, Cleveland, OH, for Plaintiff–Appellee.

Beverly M. Briggs, Garfield Heights, OH, for Defendant–Appellant.

Before: NELSON, SILER, and BATCHELDER, Circuit Judges.

## ORDER

Walter Nathaniel Comedy appeals his judgment of conviction and sentence. The parties have expressly waived oral argument, and upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Comedy pleaded guilty pursuant to a negotiated agreement to conspiracy to defraud the United States in violation of 18 U.S.C. § 371. The parties' plea agreement stipulated the factual basis for the offense and stipulated the sentencing guideline computations and a limited waiver of appeal.

The district court sentenced Comedy to twenty-two months of imprisonment and three years of supervised release in accordance with the parties' plea agreement.

In his timely direct criminal appeal, Comedy claims that trial counsel rendered ineffective assistance and that he did not, therefore, plead guilty knowingly and voluntarily.

Generally, ineffective assistance of counsel claims are not cognizable in a direct criminal appeal because the record is inadequate to permit review, and hence they are more properly raised in a motion to vacate under 28 U.S.C. § 2255. *United States v. Shabazz*, 263 F.3d 603, 612 (6th Cir.2001); *United States v. Neuhausser*, 241 F.3d 460, 474 (6th Cir.2001). The customary procedure is to permit the defendant to raise his ineffectiveness of counsel claim in a proper post-conviction proceeding under 28 U.S.C. § 2255, where, if necessary, additional evidence, including an evidentiary hearing, may be permitted. *Massaro v. United States*, 538 U.S. 500, 504–05, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003); *United States v. Tucker*, 90 F.3d 1135, 1143 (6th Cir.1996). However, if the record is adequate to permit review of counsel's performance, the court can consider the issue even if not raised before the district court. *See Shabazz*, 263 F.3d at 612. Just as there may be cases in which trial counsel's ineffectiveness is so apparent from the record that the issue may be reviewed on direct appeal, *see Massaro*, 538 U.S. at 508, the converse is also true. That is, there may be cases in which trial counsel's effectiveness is so apparent that the record on direct criminal appeal is adequate to permit review of counsel's performance. The record in the immediate case permits review because counsel's effectiveness is so apparent.

Comedy's ineffective assistance of counsel claim is meritless. To establish ineffective assistance of counsel, it must be shown that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable. *See* *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *McQueen v. Scroggy,* 99 F.3d 1302, 1310–11 (6th Cir.1996). In a guilty plea context, while the performance prong of the *Strickland* test remains the same, to establish prejudice the petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Comedy's appellate brief is devoid of any showing whatsoever that but for counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial.

In addition, the record of the proceedings in the district court is devoid of any indication that but for counsel's alleged errors, Comedy would not have pleaded guilty and would have insisted on going to trial. Comedy discharged defense counsel and retained the services of a new attorney approximately one month before sentencing. Even with the assistance of a new attorney, Comedy did not move to withdraw his guilty plea or express such an intention before or during the sentencing hearing. Thus, he has not established that counsel's alleged deficient performance prejudiced him. *See id.*

Accordingly, we hereby affirm Comedy's judgment of conviction and sentence.